STATE OF INDIANA )
                ) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT

CAUSE NO.  02D01-1401-CT-___

RENE J. FEASBY, )
                    )
     Plaintiff, )
                    )
     v. )
                    )
INQUEST HEALTH SYSTEMS, )
                    )
     Defendant. )

02D02. 14 01 . CT . 0 0 0 0 4 6

## COMPLAINT

COMES NOW Plaintiff, by Counsel, and alleges against Defendant as follows:

1. The Plaintiff is Rene J. Feasby, a resident of Allen County, Fort Wayne, Indiana at all material times to this Complaint.

2. The Defendant is Inquest Health Systems, a company doing business at 5001 US Highway 30 West, Fort Wayne, IN, 46818. At all material times to this Complaint, the Defendant was an "employer" for the purposes of the Americans With Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA"), the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., and ERISA § 510. During the Plaintiff's employment by the Defendant, the Defendant provided to it's employees health and medical benefits pursuant to a "Plan" of insurance, regulated by the Employee Retirement Income Security Act of 1974 ("ERISA").

3. The Plaintiff filed a Charge of Discrimination on January 28, 2013, a copy of which is attached hereto, incorporated herein, and made a part hereof as Ex. "A", under EEOC No. EO-0084-A13/24D-2013-00178. The Plaintiff filed an amended charge on May 7, 2013, a copy of which is attached hereto as Ex. "B". The EEOC issued its Notice of Right to Sue

—1—

on October 30, 2013, a copy of which is attached hereto as Ex. "C". All administrative remedies were, and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. The Plaintiff was a qualified employee of the Defendant's, who suffered from a serious medical condition constituting a disability/perceived disability/record of impairment under the ADA, and which constituted a serious health condition for the purposes of the FMLA. During her employment, the Plaintiff furthermore was entitled to utilize company-based health insurance benefits in order to attend to her serious medical condition, and she was entitled to use FMLA leave as well.

5. The Plaintiff was a loyal and hard-working employee of the Defendant's, until her wrongful and retaliatory termination on or about January 18, 2013. She was first hired to work as a payment poster, or about October 1, 2010. Her performance was superlative, and the Plaintiff was named "Employee of the Month" in early 2011, prior to being promoted to the position of billing supervisor, which occurred in August 2011. The Plaintiff continued to perform admirably and within the reasonable expectations of the employer up to the date of separation from employment.

6. During mid-2012 the Plaintiff was diagnosed with a serious medical condition that constituted a disability/perceived disability/record of impairment under the ADA, and a serious health condition for the purposes of the FMLA. The Plaintiff took time off of work to attend to the serious medical condition, so that she could undergo surgery around August 12, 2012. The Plaintiff returned to work after three days, but continued to undergo treatment for the condition during the period of September 26, 2012 through November 3, 2012.

–2–

7. After the Defendant was made aware of the Plaintiff's serious health condition/disability/perceived disability/record of impairment, her co-workers began treating her differently and in fact, stopped talking to the plaintiff. To complicate the Plaintiff's situation, one of those co-workers was then made the boss over the Plaintiff's coding department where the Plaintiff worked. The Plaintiff was then told that she was not permitted to walk through another department, and both the Plaintiff's manager, and the manager in the other department cut the Plaintiff out of coding and billing meetings that she otherwise normally attended, and they refused to provide her information pertinent to her job. The Plaintiff was also prohibited from attending management meetings that she previously would have attended and when she requested information from the coding department staff in the coding department would not follow up with the Plaintiff, or provide her the requested information.

8. The billing department was downsized in November 2012, at which time the Plaintiff was a supervisor for the department. Going outside of normal procedure, the Plaintiff was not consulted about who would be let go from the department, nor was she given an opportunity to have any input.

9. In November 2012, the Defendant's company relocated to a new office. One of the supervisors that had been cutting the Plaintiff off from information and meetings received the Plaintiff's old chair. The Plaintiff asked the Defendant's new CEO as well as the Plaintiff's own boss (the Defendant's CFO), if employees could have their old chairs back from the old building, since the new chairs were extremely uncomfortable, and poorly suited to the Plaintiff's serious health condition/disability/perceived disability. This request was for a reasonable accommodation.

10. After the Plaintiff was given permission to get the names of employees that wanted their old chairs back, the Plaintiff began to gather the names. However, in an abrupt turnaround, the Defendant's vice president began yelling at the Plaintiff to stop getting names, and that it was a waste of time. The Plaintiff walked over to the vice president, who then grabbed the Plaintiff's arm hard, and dragged her across the floor, all the while yelling at the Plaintiff to "come with her". The Plaintiff was then ordered to sit and stay, with the vice president pointing her finger in the Plaintiff's face; Plaintiff complied. After the vice president went back to her own office, at an appropriate time, the Plaintiff went to the CEO for assistance with no success. Eventually the Plaintiff went to lunch.

11. Upon the Plaintiff's return from lunch she was told she was being downsized. No reason was given. Later that day, a former CEO of the Defendants contacted the Plaintiff by phone though, and told the Plaintiff he thought she was being let go due to her serious medical condition.

12. This was on or about January 18, 2013.

13. The Plaintiff alleges that she was discriminated against, retaliated against, and ultimately terminated on the basis of her serious medical condition, which constituted a disability/record of impairment/perceived disability, and in retaliation for requesting a reasonable accommodation, all of which was in violation of the Plaintiff's federally protected rights under the ADA. In support thereof, the Plaintiff notes:

    a.    The Plaintiff had performed within the reasonable expectation of the employer prior to the separation from employment;

    b.    Prior to being told she was told she was "getting downsized", the Defendant's CEO and CFO had maintained that as of December 2012 there

–4–

would not be any downsizing or layoffs until at least January 28, 2013. Though the Plaintiff was suddenly downsized before this;

c.     The Plaintiff was downsized/terminated while suffering from a serious medical condition constituting a disability/perceived disability/record of impairment, which the Defendant was aware the Plaintiff suffered from during the months leading up to the Plaintiff's separation from employment, and at the time of the separation from employment.

d.     The Defendant treated similarly situated employees that lacked a disability/perceived disability/record of impairment less harshly than the Plaintiff, retaining them, while laying off/terminating the Plaintiff, in spite f the Plaintiff's positive performance on the job.

14. In the alternative, the Plaintiff alleges that she was discriminated against and retaliated against for asserting her rights to FMLA and/or health insurance benefits she was entitled to receive under the company's Plan of benefits, in violation of the Plaintiff's rights under the FMLA and/or ERISA § 510:

a.     The Plaintiff performed within the reasonable expectations of the employer at all material times leading up to the separation from employment;

b.     Plaintiff had utilized FMLA leave within six (6) months leading up to her layoff/termination;

c.     The Defendant was aware that the Plaintiff suffered from and would continue to suffer from a serious medical condition for which she was entitled to utilize FMLA benefits and health insurance benefits;

d.     Plaintiff contends that similarly situated employees that had not utilize

–5–

FMLA benefits, and had not used significant health insurance benefits available to them under the company Plan of benefits, were not laid off or terminated, whereas the Plaintiff was.

15. The Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job related benefits including income, and subjected the Plaintiff to inconvenience, emotional distress, mental anguish, and other damages and injuries.

16. The Defendant's discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA, FMLA, and/or ERISA § 510. The Plaintiff is entitled to punitive damages under the ADA, and/or liquidated damages under the FMLA.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages (where available), liquidated damages (where available), equitable relief, reasonable attorney's fees and costs, and all other just and proper relief in the premises.

### JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

–6–

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

Christopher C. Myers, #10043-02

Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:    cmyers@myers-law.com
    ismith@myers-law.com
Attorneys for Plaintiff

IMS/jh
S:\Feasby, Rene\Pleadings\Complaint.docx

–7–

EEOC Form 5

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| X | FEPA | EO-0084-A13 |
| X | EEOC | 24D-2013-00178 |
| | | and EEOC |

City of Fort Wayne Metro Human Relations Commission
*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Rene J. Feasby | | |

Street Address / City, State and ZIP Code
2323 Kroemen Road, Fort Wayne, IN 46808

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| INQUEST HEALTH SYSTEMS | Unknown | (260) 969-6200 |

Street Address / City, State and ZIP Code
5001 Us Highway 30 West, Fort Wayne, IN 46818

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | RACE | | COLOR | | SEX | | RELIGION | | NATIONAL ORIGIN |
|---|---|---|---|---|---|---|---|---|---|
| | RETALIATION | | AGE | X | DISABILITY | | GENETIC INFORMATION | | |
| | OTHER (Specify) | | | | | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-17-2013   Latest: 01-18-2013

CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a qualified individual who worked at Inquest Health Systems in the Billing Department. In January 2013, I asked for a different chair to accommodate my disability. I was not given a different chair. That same day, the HR Director told me my position was eliminated due to a restructuring and I was to leave. Due to my health condition, I believe I was downsized because of potential medical claims.

Based on the above, I believe I have been discriminated against because of my disability, and the company failed to accommodate me in violation of the Americans with Disabilities Amendment Act of 2008, as amended and the Fort Wayne Ordinance G-21-78, as amended.

DELINDA ANN WYATT
NOTARY PUBLIC STATE OF INDIANA
ALLEN COUNTY
MY COMMISSION EXPIRES 09/01/18

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | *Delinda Wyatt* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| | *Rene Feasby* |
| Jan 28, 2013 ___ *Rene Feasby* ___ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date ___ Charging Party Signature | 1-28-13 |

EXHIBIT "A"

| Amended CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 24D-2013-00178 |

| Equal Employment Opportunity Commission | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Rene Feasby | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2323 Kroeman Rd, Fort Wayne, IN 46808 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| INQUEST HEALTH SYSTEMS | 100+ | (260) 969-6200 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5001 US Highway 30 West, Fort Wayne, IN 46818 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 7/6/12   Latest: 1/18/13
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The Complainant is a qualified individual, who suffered from a serious medical condition constituting a disability/perceived disability/record of impairment. She alleges that she was discriminated against, denied reasonable accommodations, and retaliated against on the basis of her disability/perceived/record of impairment, in violation of her federally protected rights under the Americans with Disabilities Act of 1990, 42 USC § 1211 et sec (ADA).( In the alternative, the Complainant alleges that she was discriminated against and retaliated against in violation of her federally protected rights under the FMLA, and ERISA § 510).

The Respondent is Inquest Health Systems, a company doing business at 5001 U.S. Highway 30 West, Fort Wayne, In 46818. The Respondent is an "employer" for the purposed of the ADA (and the FMLA and the ERISA § 510).

The Complainant was a hard-working and loyal employee of the Respondent's, until her wrongful and retaliatory discharge on January 18, 2013. She was hired to work for the Respondent as a payment poster, on or about October 1, 2010. Her performance proved to be superior, and she was named employee of the month in early 2011, and was promoted to the position of billing supervisor in August 2011. She continued to perform within the reasonable expectation of the employer until the date of her wrongful discharge.

The Complainant was diagnosed with a serious medical condition during mid-2012, and underwent initial surgery on or about 8/12/12. She returned to work after three (3) days. Upon her return, she continued to undergo treatment for her condition during the period of 9/26/12 through 11/3/12.

EXHIBIT "B"

After the Respondent was made aware of the Complainant's serious medical condition/disability/perceived disability/record of impairment, Complainant's com-workers Cary Gross and Theresa Thompson began treating her differently and, in fact, stopped speaking with the Complainant. Cary Gross was then made boss over the coding department. She was then told that she was not permitted to walk through Theresa Thompson's department and both managers cut the Plaintiff out of any coding and billing meetings, plus refused to provide her any information. The Complainant was also no longer permitted to attend management meetings. Furthermore, the Complainant found that when she requested information from the coding department, they would not get back to her with the requested information, and a lot of information was outright withheld from the Complainant.

The billing department was downsized in November 2012. Although normally the Complainant would have been consulted since she was the supervisor for the department, Cary Gross made a list of who was to be let go without input from the Complainant. Per the CEO and CFO, as of December 2012, there was not supposed to be any down-sizing or lay-offs until January 28, 2013.

In November 2012, the company relocated to a new office, Theresa Thompson had received her old chair from the other office (due to back pain) with permission from Cary Gross. Complainant asked the new CEO and her own boss, who was the company's CFO, if the employees could have their old chairs back from the old building, since the new chairs were extremely uncomfortable. Complainant also asked that she be permitted to have her old chair to accommodate her own serious medical condition.

After being given permission to make a list of people that wanted their old chairs back, the Complainant began to gather names. At one point, however, the vice president started yelling at the Complainant from across the office to stop getting names, and that it was a waste of time; Complainant walked over to the vice president, who then grabbed the Complainant hard by the arm and dragged her across the floor, yelling at her to come with her. The Complainant was then told to sit and stay with the vice president pointed a finger in her face, and she did. The vice president went back into her office and, at an appropriate time, the Complainant went to ask the CEO for assistance, with no success. At the appropriate time, the Complainant then went to lunch.

Upon the Complainant's return from lunch, she was told that she was being downsized. No reason was given. Later that day, the former CEO, Matt Cavacini called the Plaintiff on the phone, told her that he was sorry to hear what had happened to her, and that he thought that she had been let go because of her serious medical condition.

The Complainant alleges that she was discriminated against, retaliated against, and wrongfully terminated on the basis of a serious medical condition that constituted a disability/record of impairment/perceived disability, and in retaliation for requesting a reasonable accommodation, all of which was in violation of the Complainant's federally protected rights under the ADA. (In the alternative, she alleges that she was discriminated against and retaliated against in violation of her rights under ERISA § 510 and the FMLA.

The Respondent's discriminatory and retaliatory conduct, and its failure to grant reasonable accommodations, was the direct and proximate cause of the Complainant suffering the loss of her job and job related benefits including income, and subjected her to inconvenience, emotional distress, mental anguish, and other damages and injuries. The Respondent's wrongful and unlawful conduct, furthermore, was intentional, knowing, willful, wanton and in reckless disregard of the Complainant's federally protected rights under the ADA (and/or ERISA § 510 and the FMLA).

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

5/7/13

*Date*

*Charging Party Signature*

NOTARY — *When necessary for State and Local Agency Requirements*

*Susan C. Neff*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

May 7, 2013

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Rene J. Feasby
     2323 Kroemen Road
     Fort Wayne, IN 46808

From:  Indianapolis District Office
       101 West Ohio St
       Suite 1900
       Indianapolis, IN 46204

[ ]  *On behalf of person(s) aggrieved whose identity is*
     *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
|  | Ethel M. Harmon, |  |
| 24D-2013-00178 | State & Local Program Manager | (317) 226-6144 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ X ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Webster N. Smith*

OCT 3 0 2013

Enclosures(s)

Webster N. Smith,
Director

*(Date Mailed)*

cc:  INQUEST HEALTH SYSTEMS
     c/o Angela Garcia, Attorney
     301 W. Jefferson Blvd. Ste. 200
     Fort Wayne, IN 46802

Christopher C. Myers, Attorney
809 S. Calhoun Street, Ste. 400
Fort Wayne, IN 46802

EXHIBIT "C"